# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON  DIVISION

| | | |
|---|---|---|
| **EVA MARIE ADKINS, ETC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11CV00031 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **EQT PRODUCTION COMPANY,** | ) | By:  James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Larry D. Moffett, Daniel Coker Horton & Bell, P.A., Oxford, Mississippi, for Plaintiff; Stephen M. Hodges, Wade W. Massie and Mark E. Frye, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant EQT Production Company; H. Keith Moore, Cranwell, Moore & Emick, P.L.C., Vinton, Virginia, for Defendant LBR Holdings, LLC; Eric D. Whitesell, Gillespie, Hart, Altizer & Whitesell, P.C., Tazewell, Virginia, and Blair M. Gardner, JacksonKelly PLLC, Charleston, West Virginia, for Commonwealth Coal Corporation, Buckhorn Coal Company, LLLP, and Harrison-Wyatt, LLC, Amici Curiae.[1]*

Objections have been filed to the magistrate judge's ruling granting leave to the plaintiff to file an amended complaint.  For the reasons that follow, I will deny the objections.

---

[1] Amici were permitted to brief the present issues by order previously entered. They also filed objections to the magistrate judge's ruling, but such participation was beyond the scope of that permission.  However, I have fully considered amici's arguments.

I

The plaintiff, Eva Marie Adkins, filed this action on behalf of herself and others similarly situated, alleging that she is the owner of coalbed methane gas ("CBM") interests located in this judicial district and a lessor of those interests. The principal defendant is EQT Production Company ("EQT"), the lessee and producer of the CBM alleged to be owned by Adkins.[2]  In her Complaint filed April 20, 2011, Adkins asserted that certain identified and unidentified (designated as "John Does A-Z") defendants are "the owners of purported CBM claims that arise from coal ownership in tracts that are included in CBM drilling units operated by EQT."  (Compl. ¶ 2.)   Adkins contended that the owners of the coal estate of the tracts in question ("Coal Owner Defendants") do not have any property interests in the CBM that conflict with her ownership under Virginia law and thus it is improper for EQT to deposit royalties attributable to the CBM in an escrow account or otherwise withhold payment of those royalties to her and other lessors. One of the identified Coal Owner Defendants is LBR Holdings, LLC ("LBR").

Motions to dismiss the Complaint were made and resolved by the court. *Adkins v. EQT Production Co.,* No. 1:11CV00031, 2011 WL 6177307 (W.D. Va. Dec. 13, 2011), and 2011 WL 6178438 (W.D. Va. Dec. 13, 2011). The plaintiff

---

[2] Adkins is also the plaintiff and putative class representative in another case before this court against EQT involving CBM, *Adkins v. EQT Production Co.*, No. 1:10CV00041.

thereafter moved under Federal Rule of Civil Procedure 15(a)(2) to file an amended complaint in which EQT would be the sole defendant, without naming any Coal Owner Defendants. The motion, which was opposed, was referred to the magistrate judge for determination. After briefing and oral argument, the magistrate judge granted the requested leave to amend. *Adkins v. EQT Production Co.,* No. 1:11CV00031, 2012 WL 1067654 (W.D. Va. Mar. 28, 2012) (Sargent, J.) Timely objections were filed by EQT and LBR to the magistrate judge's ruling. In addition, EQT has filed a Motion to Dismiss the Amended Complaint, relying upon similar grounds as in its objections.

In an earlier opinion, the court discussed the nature and production of CBM, the statutory framework provided by the Virginia Gas and Oil Act ("Gas Act"), and the working of the Virginia Gas and Oil Board ("Gas Board"). *Adkins*, 2011 WL 6178438, at *1. In summary, as presently relevant, the statute provides that when there are "conflicting claims to the ownership of [CBM], the [Gas] Board, upon application from any claimant, shall enter an order pooling all interests or estates in the [CBM] drilling unit for the development and operation thereof [and] shall cause to be established an escrow account into which the payment for costs or proceeds attributable to the conflicting interests shall be deposited and held for the interest of the claimants." Va. Code Ann. § 45.1-361.22 (2012 Supp.). The regulations adopted by the state require that the application seeking to establish a

drilling unit for CBM "shall contain a description of the conflicting ownership claims." 4 Va. Admin. Code § 25-160-80 (2012).

Adkins alleges that

> EQT consistently (always) represented to the [Gas] Board in its sworn applications and sworn testimony that a "conflicting claim" to the ownership of CBM existed as between the gas estate interest owner(s) on the one hand, and the coal estate interest owner(s) on the other hand.

(Am. Compl. ¶ 27.) Adkins further alleges that the Gas Board has consistently adopted EQT's position in this regard, resulting in royalty funds belonging to her and others similarly situated being improperly escrowed or retained by EQT, contrary to Virginia law as determined by the Supreme Court of Virginia in *Harrison-Wyatt, LLC v. Ratliff*, 593 S.E.2d 234 (Va. 2004), and the 2010 adoption by the General Assembly of Virginia of a new provision of the Gas Act, 2010 Va. Acts chs. 730, 732 (effective Apr. 13, 2010).

In *Ratliff,* the Virginia court held, in the course of construing certain 19th-century severance deeds, that CBM was a mineral estate distinct from coal and that the grant of coal in those deeds did not thereby convey CBM. 593 S.E. 2d at 238. The new section of the Gas Act provides that "[a] conveyance, reservation, or exception of coal shall not be deemed to include [CBM]." Va. Code Ann. § 45.1-361.21:1 (2012 Supp.).

Case 1:11-cv-00031-JPJ-PMS Document 192 Filed 08/18/12 Page 4 of 7 Pageid#: 2756

In support of her motion to file an amended complaint, the plaintiff argued that EQT would not be prejudiced by the amendment in that she does not intend to assert any new causes of action; that any delay in the case as a result of the amendment will be minimal; and that the purpose of the amendment — to remove all of the Coal Owner Defendants — is appropriate because EQT is the only necessary party.

The defendants and amici argue that to exclude coal owners as parties to this action would be improper and prejudicial, since such owners are necessary and indispensible to any determination of the ownership of the CBM.    They contend that to remove the coal owners would make any amendment futile since ultimate ownership of the CBM could not be determined in the absence of the coal owners.[3]

These arguments misinterpret the magistrate judge's ruling.  I agree that no all-encompassing judicial determination of ownership could be made without the presence in the lawsuit of any competing owners.  It is at least plausible, however, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that more limited relief could be granted upon the claim that EQT has improperly certified to the Gas Board that

---

[3] It is argued that the magistrate judge's ruling should be reviewed de novo, rather than by a clearly erroneous standard, since it turned on a question of law.  *See Thomas v. Rijos*, 780 F. Supp. 2d 376, 383-84 (D.V.I. 2011). As I construe the magistrate judge's ruling, it did not, but in any event it makes no difference, since under either standard I would overrule the objections.

there is conflicting ownership solely because a severance deed conveyed the coal to a party other than the plaintiff. It is not necessary for me at this point to define the boundaries of *Ratliff* and section 45.1-361.21:1 in order to rule that the plaintiff ought to have the opportunity to seek such relief.

Amici argues that the coal owners will be prejudiced by their absence from the case because the magistrate judge's ruling presupposes that coal owners have no right to grant or exclude access to unfractured coal seams. But the magistrate judge's ruling determines no such thing.[4] Moreover, motions to intervene are available where justified by the facts and other procedures may be possible to insure that no legitimate property interest is without representation.[5]

For these same reasons, I find that EQT's Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted and for failure to join a required party is without merit.

---

[4] In *Ratliff*, the Virginia court noted that there are several methods of obtaining CBM from a coal seam, including (1) "drilling wells from the surface into the coal seam"; (2) "horizontal degasification wells from inside the coal mine"; and (3) "employing what are called 'gob' wells relating to long-wall mining." 593 S.E.2d at 235. The court held that it was expressing no opinion as to the question of whether the CBM owner had "the right to frac[ture] the coal in order to retrieve the CBM." *Id.* at 238 n.3 (internal quotation marks omitted). The plaintiff agrees that "[t]his lawsuit does not attempt to resolve whatever issues the *Amici* have with EQT over rights to stimulate coal seams." (Pl.'s Resp. to Amicus [sic] Curiae 2.)

[5] Federal Rule of Civil Procedure 23 permits the establishment of a defendant class. *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure* § 1770 (3d ed. 2005). The plaintiff alleges in her Amended Complaint that there are more than 1,950 forced-pooled or voluntary CBM units operated by EQT in Virginia, of which EQT has reported "hundreds" of conflicting coal estate owners. (Am. Compl. ¶ 51.)

III

Accordingly, it is **ORDERED** as follows:

1. Defendant EQT Production Company's Objections to Magistrate Judge's Memorandum Opinions and Orders Dated March 28, 2012 (ECF No. 144) are DENIED;

2. Objections of LBR Holdings, LLC to the Magistrate Judge's Memorandum Opinion and Order Entered March 28, 2012 (ECF No. 145) are DENIED;

3. Motion to Dismiss Amended Complaint filed by EQT Production Company (ECF No. 146) is DENIED; and

4. *Amicus Curiae* Objections to the Magistrate Judge's Memorandum Opinion and Order Entered March 28, 2012 (ECF No. 147) are DENIED.


ENTER: August 18, 2012

/s/  James P. Jones
United States District Judge